UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                              Case No. 19-13568-BKC-AJC

ALDO VILLEGAS,                                      Chapter 7

                Debtor.
_____/

## TRUSTEE'S MOTION TO APPROVE SETTLEMENT WITH THE DEBTOR

Chapter 7 Trustee, Barry E. Mukamal (the "Trustee"), by undersigned counsel, pursuant to Fed. R. Bankr. P. 9019 and Local Rules 9019-1, respectfully requests that the Court enter an order approving the settlement between the Trustee and Aldo Villegas (the "Debtor") and states as follows:

1. This case was commenced by the filing of a voluntary Chapter 7 petition on March 19, 2019 by the Debtor. Barry E. Mukamal was appointed interim trustee and became permanent trustee by operation of law.

2. On December 6, 2018, prior to the Petition Date, the Debtor was involved in an automobile accident and suffered minor injuries.

3. The Debtor contacted the culpable party's automobile insurer, Progressive Express Insurance Company ("Progressive"), and initiated Claim Number 18-5275620 ( the "Claim"), which became property of the bankruptcy estate, pursuant to 11 U.S.C. § 541, upon the commencement of this bankruptcy proceeding,

4. On or about June 20, 2019, the Debtor settled the Claim with Progressive and entered into a settlement agreement in the gross amount of $16,700.00, which resulted in a net recovery to the bankruptcy estate in the amount of $9,171.34 (the "Settlement Proceeds"). Copy of the Closing Settlement Statement is attached hereto as Exhibit "A".

5. After incorporating the Debtor's personal property exemptions to the

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

Settlement Proceeds, the non-exempt amount is $5,783.93.

6. The Trustee believes that this settlement, attached as Exhibit "B," should be accepted and is in the best interest of the bankruptcy estate.

7. The Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in the range of reasonableness. *In re Bi-Coastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). The Eleventh Circuit has set forth the following factors that must be considered in determining whether to approve a settlement or compromise: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1548 (11th Cir. 1990), *cert. denied* 498 U.S. 959 (1990).

8. Specifically, with respect to factor (a), while the Trustee believes that the probability of success is in the Trustee's favor, any litigation would involve filing an evidentiary hearing.

9. Specifically, with respect to factor (b), the Trustee does not believe any difficulties would be encountered in the matter of collection.

10. Specifically, with respect to factor (c), as mentioned above, the litigation would involve an although not complex an evidentiary hearing with respect to the entitlement of the Debtor's exemptions.

11. Specifically, with respect to factor (d), avoiding the litigation would save significant expense to the bankruptcy estate, and significantly speed up the collection of assets of the bankruptcy estate.

12. The Trustee believes that litigation of the personal injury or possible exemption

issues would result in no greater recovery for the bankruptcy estate and would therefore request that the Court enter an order approving the aforementioned settlement.

13. Based on the above, the Trustee believes that the settlement is in the best interest of the creditors.

WHEREFORE, the Trustee respectfully requests the Court enter an order approving the settlement with the Debtor, as set forth above, in the form set forth in the attached proposed Order, and for such other and further relief as the Court deems just and proper.

Dated: March 4, 2020

LEIDERMAN SHELOMITH ALEXANDER + SOMODEVILLA, PLLC.
Attorneys for Barry E. Mukamal
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
FELIPE PLECHAC-DIAZ
Florida Bar No. 0105483
fpd@lsaslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties listed on the attached creditor matrix on March 4, 2020.

By:_____/s/_____
Felipe Plechac-Diaz

# Exhibit "A"



**TEL: 305.209.0613**
**FAX: 954-252-3975**
**7975 NW 154TH STREET**
**SUITE 306**
**MIAMI LAKES, FL 33016**

## CLOSING SETTLEMENT STATEMENT

| | | | |
|---|---|---|---|
| **RE:** | Aldo Villegas | | |
| **DATE OF LOSS:** | 12/06/2018 | | |
| SETTLEMENT FROM PROGRESSIVE INSURANCE: | | $ | 16,700.00 |
| **ATTORNEY'S FEE (33 1/3%)** | | $ | 5,566.66 |
| **BALANCE:** | | $ | 11,133.34 |
| MEDICAL BILLS: | | | |
| Path Medical *(Negotiated from $16,474.00)* | | $ | 1,500.00 |
| *TOTAL MEDICAL BILLS BEFORE NEGOTIATIONS:* | | *$* | *16,474.00* |
| **TOTAL MEDICAL BILLS:** | | **$** | **1,500.00** |
| ADVANCED COSTS: | | | |
| Postage/Federal Express Delivery | | $ | 60.00 |
| Investigator Fees/Police report | | $ | 160.00 |
| Photocopies/Facsimiles | | $ | 52.00 |
| Legal Research & Document Expenses | | $ | 190.00 |
| TOTAL COSTS ADVANCED: | | $ | 462.00 |

NET SETTLEMENT TO CLIENT:                                       $    9,171.34*

APPROVED AND ACCEPTED BY:                                       $    9,171.34*

_____
SIGNATURE

_Aldo Villegas_ _____          06/20/19
PRINT NAME        RELATIONSHIP (if other than self)           DATE

***The Ward Law Group, P.L. will disburse all provider payments listed on this Closing Statement for the purpose of satisfying all known (listed) medical bills and/or health liens associated with this case. In the event that outstanding accounts or liens are received, or notified of, after the case closing date, and were not listed on this document will no longer be the Firm's responsibility. The Ward Law Group, P.L., as well as all partner attorneys and individual employees, are hereby discharged of any responsibility towards due payments which the Firm was not notified of prior to the case closing date. Client(s) agree(s) and understand(s) that this medical provider list is all inclusive, and to the best of the Firm's knowledge, which was obtained after conducting due diligence research. Any and all outstanding balances not included here will be the client's sole responsibility.

_____
CLIENT INITIAL

***La Firma de abogados de Ward Law Group, P.L. emitirá pagos a aquellos proveedores médicos incluidos en el presente Estado de Cuentas con el propósito de satisfacer todas las cuentas por pagar de estos proveedores médicos y/o satisfacer los gravámenes/derechos de subrogación de las aseguradoras medicas devengados en el caso. Aquellos saldos/cuentas pendientes por parte de proveedores médicos o aquellas cantidades por concepto de gravámenes/derechos de subrogación de las aseguradoras medicas que no hayan sido notificados o que sean recibidas en la Firma pasada la fecha del cierre del caso y que no hayan sido incluidos en este Estado de Cuentas no son responsabilidad de la Firma. La Firma de abogados de Ward Law Group, P.L. así como sus socios y empleados están exonerados de toda responsabilidad por aquellas cuentas pendientes que no hayan sido notificadas antes del cierre del caso. El/los clientes(s) reconocen y están de acuerdo que la lista de proveedores médicos en este documento es final e incluye todos aquellos proveedores médicos de los cuales la firma tenía conocimiento después de haber realizado una búsqueda diligente. Todas aquellas cuentas pendientes que no están incluidas en este Estado de Cuenta son la responsabilidad del cliente/los clientes.

# Exhibit "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                Case No. 19-13568-BKC-AJC

ALDO VILLEGAS,                                        Chapter 7

    Debtor.
_____/

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (hereinafter, the "Settlement") is made and entered into by and between Barry E. Mukamal, Chapter 7 Trustee for the bankruptcy Aldo Villegas (the "Trustee"), and Aldo Villegas (the "Debtor"). The parties to this Settlement are collectively referred to as the "Parties" or singularly as "Party."

## RECITALS

A.   On March 19, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Barry E. Mukamal was appointed Chapter 7 trustee by the Office of the U.S. Trustee and became permanent Chapter 7 trustee by operation of law.

B.   On December 6, 2018, prior to the Petition Date, the Debtor was involved in an automobile accident and suffered minor injuries.

C.   The Debtor contacted the culpable party's automobile insurer, Progressive Express Insurance Company ('Progressive"), and initiated Claim Number 18-5275620 (the "Claim"), which became property of the bankruptcy estate, pursuant to 11 U.S.C. § 541, upon the commencement of this bankruptcy proceeding.

D.   On or about June 20, 2019, the Debtor settled the Claim with Progressive and entered into a settlement agreement in the gross amount of $16,700.00, which resulted in a net recovery to the bankruptcy estate in the amount of $9171.34 (the "Settlement Proceeds").

E.   After the incorporation of the Debtor's personal property exemptions, the non-exempt amount will be **$5,783.03**.

F.   The Debtor has agreed to turnover his 2019 Tax Refund in the amount of $982.00 (the "2019 Tax Refund").

G.   The Trustee and the Debtor have negotiated in good and have agreed to amicably resolve any and all issues relating to same as part of a global settlement of any and all actions the Trustee may have against the Debtor in order to avoid the uncertainties and expense of litigation.

NOW, THEREFORE, in consideration of the foregoing facts and the terms, conditions, agreements, representations and covenants set forth herein, the Parties agree as follows:

## AGREEMENT

1.   <u>Approval</u>. The Parties acknowledge and agree that this Settlement is subject to the approval of the Bankruptcy Court, and therefore will not be binding until such approval has been granted (the "Approval").

2.   <u>Payment</u>. In order to resolve any and all of the Trustee's claims in this estate as against the Debtor, the Debtor has agreed to pay the Trustee **$5,783.93** ("Settlement Amount"). The Debtor will turnover his 2019 Tax Refund in the amount of $982.00, which will be applied to the Settlement Amount. The remaining balance of $4,801.93, shall be payable in twelve (12) equal monthly payments in the amount of $400.16, beginning March 15, 2020 and continuing until March 15, 2021.

Payment shall be in the form of check, money order or cashier's check, made payable to "Barry E. Mukamal, Trustee, for the Estate of Aldo Villegas, Case No. 19-13568-BKC-AJC " and shall be delivered to Barry E. Mukamal, Trustee, 1000 South Federal Highway, Suite 200, Fort Lauderdale, FL 33316.

3.   <u>Default.</u> In the event that the Debtor defaults on any of his obligations set forth herein, including, without limitation, if Debtor fail to timely pay the Settlement Amount payment in accordance with the payment terms herein, Debtor irrevocably agrees, and after providing notice to Debtor, and a ten (10) day period to cure the default from the date of the notice, the Trustee shall be entitled to file a Notice of Default, and shall be entitled to the entry of an *ex parte* final judgment against Aldo Villegas, for **$5,783.93** , less any amount paid by the Debtor, plus interest which shall accrue at 6.5% interest from the date of default, and reasonable attorneys' fees and costs incurred by the Trustee in the collection efforts (the "Default Judgment"), by filing an *Ex Parte* Motion for Entry of Final Judgment Pursuant to Settlement. Furthermore, the Trustee shall be entitled to a revocation of the Debtor's discharge by contested motion, pursuant to Fed. R. Bank. P. 9024, and the Debtor waives any procedural requirements, pursuant to 11 U.S.C. § 727(a)(10), including without limitation, the filing of an adversary proceeding, for such matter. However, the Debtor's discharge will not be revoked without a hearing.

4.   <u>Extension of Deadlines.</u> Debtor agrees and consents to extension of all deadlines including discharge and exemptions, through thirty (30) days following entry of an Order on Approval.

5.   <u>Releases</u>. Upon approval of this Agreement by the Bankruptcy Court, the Debtor, forever releases, discharges, and waives, and shall be deemed to have released, discharged, and waived, any and all claims, liabilities, costs (including attorneys' fees and costs), causes of action, actions, rights, debts, charges, demands, contracts, covenants, representations, warranties, accounts, setoffs, obligations, damages, and any other liability whatsoever, whether at law or equity, known or unknown, liquidated or unliquidated, contingent or fixed, direct or indirect, that they may have against the Trustee, his professionals, and against or within the bankruptcy estate (the "Estate"), arising from this bankruptcy proceeding.

8.   <u>Recitals.</u> The Parties incorporate all paragraphs contained in the recitals into the Agreement.

Settlement Agreement
Page 3 of 3

9. **Arm's Length Negotiations.** This Stipulation is the result of an arm's length negotiations between the Parties and reflects the conclusions of the Parties that this Agreement is in the best interest of the Parties.

10. **Entire Agreement.** This Stipulation represents the entire understanding and agreement between the Parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this Agreement shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

11. **Counterparts.** This Agreement may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures or signatures via Adobe PDF document shall be treated in all manner and respects as original signatures.

By: _____
Barry E. Mukamal, Chapter 7 Trustee

By: _____
Aldo Villegas, Debtor

Dated: 3/3/20 , 2020

Dated: 02/29/2020 , 2020

```
Label Matrix for local noticing      Synchrony Bank                        (p)AMSCOT CORPORATION
113C-1                                PRA Receivables Management, LLC       ATTN RUBINA SHALDJIAN
Case 19-13568-AJC                     PO Box 41021                          600 N WESTSHORE BLVD #1200
Southern District of Florida          Norfolk, VA 23541-1021                TAMPA FL 33609-1117
Miami
Wed Mar  4 08:43:34 EST 2020

Amy J. Winarsky                       BB&T, Bankruptcy Section              BB&T
C/O MARCADIS SINGER P.A.              100-50-01-51                          POB 580048
5104 South Westshore Blvd.            PO Box 1847                           Charlotte, NC 28258-0048
Tampa, FL 33611-5650                  Wilson, NC 27894-1847


Citibank/The Home Depot               Comenity Bank/Victoria Secret         Credit One Bank
Attn: Recovery/Centralized Bankruptcy Attn: Bankruptcy                      Attn: Bankruptcy Department
Po Box 790034                         Po Box 182125                         Po Box 98873
St Louis, MO 63179-0034               Columbus, OH 43218-2125               Las Vegas, NV 89193-8873


Credit One Bank                       Federal Insurance Company             Fingerhut
Po Box 98875                          c/o Marcadis Singer, P.A.             Attn: Bankruptcy
Las Vegas, NV 89193-8875              5104 S Westshore Boulevard            Po Box 1250
                                      Tampa, FL 33611-5650                  Saint Cloud, MN 56395-1250


First Premier Bank                    First Premier Bank                    Hyundai Motor Finance
601 S Minnesota Ave                   Attn: Bankruptcy                      Attn: Bankruptcy
Sioux Falls, SD 57104-4868            Po Box 5524                           Po Box 20829
                                      Sioux Falls, SD 57117-5524            Fountain City, CA 92728-0829


LVNV Funding, LLC                     LVNV Funding/Resurgent Capital        Midland Funding
Resurgent Capital Services            Attn: Bankruptcy                      2365 Northside Dr Ste 300
PO Box 10587                          Po Box 10497                          San Diego, CA 92108-2709
Greenville, SC 29603-0587             Greenville, SC 29603-0497


Office of the US Trustee              Plain Green Loans                     (p)PORTFOLIO RECOVERY ASSOCIATES LLC
51 S.W. 1st Ave.                      Attn: Bankruptcy                      PO BOX 41067
Suite 1204                            1900 Frost Rd   Ste 100               NORFOLK VA 23541-1067
Miami, FL 33130-1614                  Bristol, PA 19007-1519


Portfolio Recovery                    Quantum3 Group LLC as agent for       Regional Acceptance Co
Po Box 41021                          MOMA Trust LLC                        5400-A West Sample Rd
Norfolk, VA 23541-1021                PO Box 788                            Margate, FL 33073-3475
                                      Kirkland, WA  98083-0788


Regions Bank                          Reliant Holdings, In                  Synchrony Bank/ JC Penneys
POB 830721                            Attn: Bankruptcy Department           Attn: Bankruptcy
Birmingham, AL 35283-0721             1707 Warren Rd.                       Po Box 956060
                                      Indiana, PA 15701-2423                Orlando, FL 32896-0001


Visa Dept Store National Bank/Macy's  Aldo Villegas                         Barry E Mukamal
Attn: Bankruptcy                      1655 W 56 Street                      PO Box 14183
Po Box 8053                           Hialeah, FL 33012-2061                Fort Lauderdale, FL 33302-4183
Mason, OH 45040-8053
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Amscot Financial,<br>P.O. Box 25137<br>Tampa, FL 33622 | Portfolio Recovery<br>120 Corporate Blvd Ste 1<br>Norfolk, VA 23502 | (d)Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients    29
Bypassed recipients     1
Total                  30